SCANNED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA BAREFIELD<br>Plaintiff,<br><br>v.<br><br>C/O DEBRA DIXON, et al.<br>Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>] | No. **3 08 1226**<br>(No. 3:08-mc-0279)<br>Judge Echols |

### MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Tennessee Prison for Women in Nashville. She brings this action pursuant to 42 U.S.C. § 1983 against Debra Dixon, a Corrections Officer at the facility, and Officer Cates, a Security Guard at the Rachel Jackson State Office Building, seeking declaratory, injunctive and monetary relief.

On June 9, 2008, C/O Dixon escorted the plaintiff and a group of prisoners from the Tennessee Prison for Women to the Rachel Jackson State Office Building in downtown Nashville. The prisoners were brought to the building after hours to perform cleaning duties.

During the course of the plaintiff's shift, she walked off the work site. The plaintiff was apparently recaptured and was written up for an escape. Following a disciplinary hearing, she was found guilty of the charge and was sentenced to ten days in punitive

segregation with a $5.00 fine. The plaintiff alleges that she was punished in violation of her right to due process.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527 (1981).

The plaintiff believes that she was denied due process prior to being punished for a disciplinary infraction. For several years, it was well settled that an inmate facing the possibility of disciplinary sanctions was entitled to a certain degree of procedural due process. Wolff v. McDonnell, 418 U.S. 539 (1974). This process included advance written notice of the charge, a hearing to resolve the charge during which the accused may present documentary evidence and call witnesses, and a written statement from the fact-finder describing the evidence relied upon and the reasons for the disciplinary action taken.

The Supreme Court, however, has changed the methodology used to determine whether an inmate has a liberty interest worthy of due process protection. See Sandin v. Conner, 515 U.S. 472 (1995). Federal courts are no longer required to examine the language of prison regulations to ascertain whether substantive restrictions have been placed upon the discretion of prison officials. Rather, our inquiry now focuses on whether the imposition of a particular disciplinary sanction " presents the type of atypical, significant

2

deprivation in which a state might conceivably create a liberty interest." *Id.* at 115 S.Ct. 2301.

The <u>Sandin</u> opinion reaffirmed that when a disciplinary sanction directly affects the length of a prisoner's incarceration, the prisoner has an inherent liberty interest subject to the procedural safeguards announced in <u>Wolff</u>, supra. However, when the disciplinary sanction contemplated would not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," the procedural due process described in <u>Wolff</u> does not apply. <u>Sandin</u>, supra at 115 S.Ct. 2300.

There is nothing in the complaint to suggest that the plaintiff was made to suffer an atypical and significant hardship sufficient to create a liberty interest subject to constitutional protection. *Id.* (finding that thirty days in punitive segregation was neither atypical nor a significant hardship).[1] Moreover, there is no evidence to suggest that the disciplinary sanctions imposed upon the plaintiff directly affected the length of her incarceration. Thus, the plaintiff's disciplinary conviction and subsequent punishment did not offend her right to due process.

In the absence of conduct in violation of federal law, the plaintiff is unable to prove every element of her cause of action.

---

[1] According to exhibits submitted with the complaint, the plaintiff did not suffer the loss of accrued sentence reduction credits. Nor was she punished in any way that directly affected the length or duration of her incarceration.

3

Thus, she has failed to state a claim upon which relief can be granted. Under such circumstances, a district court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Therefore, this action shall be dismissed.

An appropriate order will be entered.

Robert L. Echols
United States District Judge